# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-278V
Filed: December 8, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ROSEMARIE WARD,     * | |
|    * | |
|       Petitioner,     * | Damages Decision Based on Proffer; |
| v.     * | Influenza ("Flu") Vaccination; |
|    * | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH     * | Administration ("SIRVA"); |
| AND HUMAN SERVICES,     * | Special Processing Unit ("SPU") |
|    * | |
|       Respondent.     * | |
|    * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Jennifer Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 29, 2016, Rosemarie Ward ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered injuries caused in fact by the influenza vaccination she received on November 22, 2013. Petition at 1, ¶¶ 3-4, 16-17. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 8, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for shoulder in jury related to vaccine administration ("SIRVA") caused by the influenza vaccination she received on November 22, 2013. Respondent included a Proffer on Award of Compensation ("Proffer") in her Rule 4(c) Report filed on December 8, 2016, indicating petitioner should be awarded $60,000.00. (ECF No. 17).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **the undersigned awards petitioner a lump sum payment of $60,000.00 in the form of a check payable to petitioner, Rosemarie Ward.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.